CASE 78.—ACTION BY BRYANT SPICER AGAINST ED CALLA-
HAN AND BY CALLAHAN V. SPICER.—June 8, 1910.

## Callahan, &c. v. Spicer.

Appeal from Breathitt Circuit Court.

DAVID B. REDWINE, Circuit Judge.

Judgment for plaintiff in first action and for de-
fendant in second action.—Affirmed.

1. Judgment—Default—Pleading.—A petition which alleges that
   defendants are indebted to plaintiff in a specified sum, sub-
   ject to a credit, for work performed for defendants at their
   special request, between designated dates, that plaintiff
   worked a specified number of days at an agreed price per day,
   amounting to the specified sum, and that the same is due and
   unpaid, except the credit, states a cause of action against a
   defendant who does not appear, and a default judgment may
   be entered.
2. Execution—Enforcement—Injunction.—Enforcement of exe-
   cution on default judgment will not be enjoined on the
   ground that defendant did not attend court at the time the
   default was entered for fear that his enemies would lie in
   wait for him and kill him, and that he did not know that
   plaintiff was claiming more than a specified sum, which was
   much less than the amount of the judgment, and that he be-
   lieved that plaintiff was suing only for the less sum which
   was due, because of failure to exercise diligence to defend the
   case, and to know what was in the petition filed against him.

G. W. FLEENOR for appellants.

A. H. PATTERSON for appellees

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

There are two appeals pending concerning the
same subject-matter between the same parties, and
we will dispose of both in one opinion.

Bryant Spicer sued appellant Ed Callahan and Roger Callahan, his brother, to recover the sum of $440, subject to a credit of $17.60, alleged to be due him for labor and work done for them at their special instance and request. The parties were properly served with process. Roger Callahan filed an answer in which he alleged that, while the plaintiff, Bryant Spicer, worked for the firm of Callahan & Callahan, he was really employed by Ed Callahan, and not by the defendant, Roger Callahan. For the purposes of this appeal, it may be assumed that the answer of Roger Callahan stated a sufficient defense to the action against him. The appellant Ed Callahan made no defense, and a judgment by default was entered against him for the full amount claimed in the petition. To reverse this default judgment he prosecutes an appeal from it to this court, and it is contended that the petition does not state a good cause of action against him. To this we cannot agree. The allegations of the petition, stating the cause of action in favor of appellee, are as follows: ''The plaintiff, Bryant Spicer, says that the defendants, Ed Callahan and Roger Callahan, are justly indebted to him in the sum of $440, subject to a credit of $17.60 for labor and work done and performed by the plaintiff, Bryant Spicer, for the defendants, at their special instance and request, between the 3d day of January, 1906, and the 23d day of March, 1907; that he worked 440 days at the agreed price of $1 per day, amounting to $440; that the same is just, due, and wholly unpaid, except a payment of $17.60; and that he believes he ought to recover of the defendants the said sum of $440, subject to said credit of $17.60, with interest thereon from the 1st day of January, 1908, until paid. An itemized ac-

count is filed herewith and made a part hereof, marked 'Account for Identity.' "

The foregoing allegations of the petition being admitted to be true by the failure of appellant to traverse them, the appellee was entitled to a judgment for the whole amount claimed.

After execution was issued on the foregoing judgment and came to the hands of the sheriff of Breathitt county, the appellant, Ed Callahan, filed a petition in equity in the Carter circuit court to enjoin the enforcement of the execution. Among other things, after setting forth a history of the case as given above, he states that the reason he did not defend the original action instituted against him by Bryant Spicer was that he had personal enemies living in the vicinity of his home, who had been seeking to take his life, and that he was afraid to go to the county seat to attend court for fear that his enemies would lie in wait for him and shoot him from ambush, and also that he did not know that Spicer was claiming more than $146 from him; knowing that he owed Spicer that amount, he did not deem it worth while to look into the case pending against him. Clearly this petition did not state a sufficient ground to enjoin the collection of the default judgment. Assuming it to be true that appellant had enemies who were seeking his life, and that he was afraid to leave home at the time, this did not prevent his employing counsel in Jackson to look after his case and to obtain a continuance for him, if that was necessary, or file an answer for him traversing the allegations of the petition. Nor is it a sufficient excuse that he did not believe Spicer was suing him for more than $146. If a default judgment could be set aside, or its collection enjoined, on such grounds as these, no de-

vol. 138—40

fault judgment could stand. It was the duty of the appellant to exercise reasonable diligence to defend the case, if he had a defense, and to know what was in the petition filed against him. Appellant showed no diligence whatever in the matter of defending the suit brought against him, and, therefore, the circuit judge properly overruled the application for an injunction as prayed for in the petition. This conclusion obviates the necessity of our examining the questions of law mooted by counsel for appellee.

Both judgments against the appellant are, therefore, affirmed.